FILED ___ ENTERED
LODGED ___ RECEIVED

SEP 3 0 2003   DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH M. BAYNE, a single man, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. **CV03 2948 P** |
| THE CITY OF SEATTLE, a Municipal Corporation, MICHELE G. LETIZIA and JANE DOE LETIZIA, individually and as a marital community, and HAROLD W. DENTINGER and JANE DOE DENTINGER, individually and as a marital community. | ) COMPLAINT FOR VIOLATION OF FEDERAL RIGHTS<br><br>03-CV-02948-CMP |
| Defendant. | ) |

COMES NOW JOSEPH M. Bayne, the Plaintiff herein, by and through his attorney, and allege as follows:

I. PARTIES AND JURISDICTION

1.1   Plaintiff Joseph M. Bayne is a single man residing in Fall City in the County of King in the State of Washington which is within the Western District of Washington.

1.2   The City of Seattle is a municipal corporation located within the Western District of Washington.

Page 1 – COMPLAINT FOR DAMAGES

BRETT & DAUGERT, PLLC
ATTORNEYS AT LAW
300 NORTH COMMERCIAL ◆ P.O. BOX 5008
BELLINGHAM, WA 98227-5008
TELEPHONE: (360) 733-0212 ◆ FAX: (360) 647-1902
www.brettlaw.com

1.3     Michele G. Letizia and Jane Doe Letizia constitute a marital community under the laws of the State of Washington and upon belief reside within the Western District of the State of Washington. Upon belief, Michele G. Letizia was at the time of injuries an employee of the City of Seattle and/or an agent acting within his scope of his duties.

1.4     Harold W. Dentinger and Jane Doe Dentinger constitute a marital community under the laws of the State of Washington and upon belief reside within the Western District of the State of Washington. Upon belief, Harold W. Dentinger was at the time of injuries an employee of the City of Seattle and/or an agent acting within his scope of his duties.

1.5     The Federal Court for the Western District of Washington has jurisdiction over this matter pursuant to 28 U.S.C. 1331, 1343, 1367 and venue is properly set in the Western District Federal Court pursuant to 28 U.S.C.1391.

1.6     This action is brought pursuant to the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, Article 1, Section 7 of the Washington State Constitution, 42 U.S.C. 1983, 1988, Washington State common law prohibiting assault, false arrest and false imprisonment, and Washington common law negligence.

1.7     On April 2, 2003, Defendant City of Seattle was served with a Notice of Claim and it has been more than sixty days since the claim was served.

## II. FACTS

2.1     On Thursday, September $5^{h}$ 2002 at approximately 8:40 P.M., Plaintiff parked his vehicle in the Seattle Central Parking Garage on the corner of Harvard Avenue and Pine Street in the Capital Hill district of the City of Seattle.

Page 2 – COMPLAINT FOR DAMAGES

BRETT & DAUGERT, PLLC
ATTORNEYS AT LAW
300 NORTH COMMERCIAL ◆ P.O. BOX 5008
BELLINGHAM, WA 98227-5008
TELEPHONE: (360) 733-0212 ◆ FAX: (360) 647-1902
www.brettlaw.com

2.2    On Friday, September 6th 2002, Plaintiff returned to his vehicle at approximately 1:30 A.M. and decided to rest in his vehicle before operating it.

2.3    At approximately 3:00 A.M., Defendants Letizia and Defendant Dentinger approached Plaintiff's vehicle. Defendants knocked on Plaintiff's vehicle's window. Plaintiff unlocked his vehicle and Defendants immediately opened the vehicle door. Defendants ordered Plaintiff out of vehicle.

2.3    Plaintiff stated he wanted to speak with his attorney and that he was going to use his cell phone; Plaintiff reached for his cellular phone which was in clear view on the dash of his car. Defendants grabbed Plaintiff and pulled him from his vehicle and assaulted Plaintiff. Plaintiff was thrown to the ground, his head impacted the pavement, and Plaintiff was rendered unconscious.

2.4    Plaintiff regained consciousness in a holding cell at the East Precinct on 12th Avenue in Seattle, Washington. Plaintiff's head and shoulder were severely lacerated and bleeding. Plaintiff had a black eye, his knees were scraped, and he was in severe pain. Plaintiff again requested to speak with his lawyer and was denied.

2.5    Plaintiff requested medical attention and was denied. Plaintiff finally received medical attention for his external laceration by the Seattle Fire Department. Plaintiff did not receive medical care for his head injuries or any internal injuries.

2.6    Plaintiff was transported to the King County Jail facility on 5th Avenue, in Seattle Washington. Plaintiff received one phone call and contacted his family. Plaintiff was then processed into the King County Jail. Plaintiff was charged with Obstructing a Public Officer and Resisting Arrest.

BRETT & DAUGERT, PLLC
ATTORNEYS AT LAW
300 NORTH COMMERCIAL ♦ P.O. BOX 5008
BELLINGHAM, WA 98227-5008
TELEPHONE: (360) 733-0212 ♦ FAX: (360) 647-1902
www.brettlaw.com

2.7     Plaintiff was placed in a cell; a nurse came and checked his exterior wounds but did not treat him for any of his other injuries. Plaintiff's father posted bail and Plaintiff was released from jail at approximately 9:30 A.M.

2.8     On Friday September 20, 2002, Plaintiff reported to his intake hearing. Plaintiff's charges were dropped due to "insufficient evidence" and "lack of evidence of wrongdoing."

2.9     All Defendants' actions were taken in concert.

### III. CAUSE OF ACTION:

### (VIOLATION OF PLAINTIFF'S FEDERAL RIGHTS)

3.1     Defendants unlawfully and unconstitutionally seized Plaintiff without probable cause or reasonable suspicion and unlawfully arrested, assaulted, and imprisoned him for a span of several hours.

3.2     While under the legal and physical control of Defendants, Plaintiff was physically injured and suffered extreme physical and emotional distress.

3.3     Defendants actions were taken intentionally and/or with deliberate disregard for Plaintiffs rights.

3.4     Defendant City of Seattle ratified and/or approved the individual Defendants' actions.

3.5     Defendants intentionally did not provide necessary medical treatment; which caused Plaintiff significant pain and suffering and increased the likelihood of permanent disability.

BRETT & DAUGERT, PLLC
ATTORNEYS AT LAW
300 NORTH COMMERCIAL ◆ P.O. BOX 5008
BELLINGHAM, WA 98227-5008
TELEPHONE: (360) 733-0212 ◆ FAX: (360) 647-1902
www.brettlaw.com

3.6    Defendants actions were taken intentionally and/or with deliberate disregard for Plaintiffs rights.

3.7    The decision not to provide Plaintiff necessary medical treatment was made pursuant to official City of Seattle policy.

3.9    All of Defendant's actions in denying plaintiff necessary medical care were made in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

3.10   Defendants denied Plaintiff his right to counsel under the Sixth and Fourteenth Amendments.

3.11   All of Defendants' actions were illegal actions made in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

3.12   All of Defendants' actions constituted violations of Plaintiffs federal legal rights and are therefore actionable under 42 U.S.C. 1983.

3.13   All Defendants' actions were taken pursuant to official municipal policy or custom.

## IV. CAUSE OF ACTION:

## (WASHINGTON STATE LAW CLAIMS)

4.1    Defendants' seizure of Plaintiff without probable cause or a warrant violated defendant's rights under Article 1 of the Washington State Constitution, Section 7.

4.2    Defendants physical seizure, handcuffing, assault, loss of consciousness, and other forms of torture were made intentionally, without consent or lawful authority and therefore constituted common law assault and battery.

Page 5 – COMPLAINT FOR DAMAGES

BRETT & DAUGERT, PLLC
ATTORNEYS AT LAW
300 NORTH COMMERCIAL ◆ P.O. BOX 5008
BELLINGHAM, WA 98227-5008
TELEPHONE: (360) 733-0212 ◆ FAX: (360) 647-1902
www.brettlaw.com

4.3     Defendants' attempted arrest and subsequent imprisonment of Plaintiff was without probable cause, judicial order or legal excuse and therefore constituted false arrest and false imprisonment.

4.4     Defendants owed Plaintiff a duty of reasonable care in their investigation with him as a suspect. Defendants actions and inactions fell well below the standard of care owed Plaintiff proximately causing him damage and making them liable for negligence.

4.5     Defendants refusal to provide Plaintiff with necessary medical care while he was incarcerated violated Plaintiff's rights under the Revised Code of Washington Title 70, Chapter 48, Section 130.

4.6     Defendants decision to deny Plaintiff necessary medical care resulted in Plaintiff's unnecessary pain and suffering and an increase in likelihood that his injuries would become permanent.

4.7     Defendant's owed Plaintiff a duty of reasonable care while he was in custody. Defendants actions and inactions fell well below the standard of care owed Plaintiff, proximately causing him damage and making defendant liable for negligence.

4.8     All of individual Defendants' actions were made within the scope of their duties as agents of defendant City of Seattle and the City is therefore liable under respondeat superior.

## V. DAMAGES

5.1     As a direct and proximate result of the negligent acts of Defendants, Plaintiff sustained severe physical and mental pain and suffering and injury in an amount that will be established at trial.

Page 6 – COMPLAINT FOR DAMAGES

BRETT & DAUGERT, PLLC
A T T O R N E Y S   A T   L A W
300 NORTH COMMERCIAL ♦ P.O. BOX 5008
BELLINGHAM, WA 98227-5008
TELEPHONE: (360) 733-0212 ♦ FAX: (360) 647-1902
www.brettlaw.com

5.2     As a further direct and proximate result of the negligent acts of Defendants, Plaintiff has been required to seek medical treatment and care, and will be required to seek future medical treatment and care, the exact amount of the expense for medical treatment and care will be established at the time of trial.

5.3     As a further direct and proximate result of the negligent acts of the Defendants, Plaintiff has sustained other general damages, including loss of enjoyment of life.

5.4     As a further direct and proximate result of the negligent acts of the Defendants, Plaintiff lost income, both past and future, the exact amount of which will be established at the time of trial.

5.5     As a further incurred legal defense costs in an amount to be proven at the time of trial.

### III. PRAYER

WHEREFORE, Plaintiffs pray for judgment against the Defendants jointly and severed as follows:

1.     For general damages including pain and suffering together with special damages for Plaintiff's reasonable and necessary hospital, doctor, and related treatment both past and future, the exact amount of which will be established at the time of trial;

2.     For loss and impairment of Plaintiff's ability to enjoy life, the exact extent of which will be established at the time of trial;

3.     For Plaintiff's lost income and lost earnings capacity, both past and future, the exact amount of which will be established at the time of trial;

Page 7 – COMPLAINT FOR DAMAGES

BRETT & DAUGERT, PLLC
ATTORNEYS AT LAW
300 NORTH COMMERCIAL ◆ P.O. BOX 5008
BELLINGHAM, WA 98227-5008
TELEPHONE: (360) 733-0212 ◆ FAX: (360) 647-1902
www.brettlaw.com

4. For punitive damages against individual Defendants in an amount to be proven at trial pursuant to federal law;

5. For actual attorneys fees and litigation costs pursuant to 42 U.S.C. 1988;

6. For statutory attorneys fees and costs; and

7. For such other and further relief as the Court deems just and proper.

DATED THIS ____ DAY OF SEPTEMBER, 2003.

BRETT & DAUGERT, PLLC

By _____
Breean L. Beggs, WSBA #20795
Attorney for Joseph M. Bayne

Page 8 – COMPLAINT FOR DAMAGES

BRETT & DAUGERT, PLLC
ATTORNEYS AT LAW
300 NORTH COMMERCIAL ◆ P.O. BOX 5008
BELLINGHAM, WA 98227-5008
TELEPHONE: (360) 733-0212 ◆ FAX: (360) 647-1902
www.brettlaw.com